**United States District Court**
**District of Massachusetts**

```
_____
                               )
STEPHEN HYLAND,                )
                               )
           Petitioner,         )
                               )    Civil Action No.
     v.                        )    21-40037-NMG
                               )
MATTHEW DIVRIS,                )
                               )
           Respondent.         )
                               )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This petition for a writ of habeas corpus currently pending before the Court arises out of the convictions of Stephen Hyland ("Hyland" or "petitioner") in 2018 for rape of a child with force and for intimidation of a witness in the Massachusetts Superior Court for Berkshire County.

## I.  Background

### A.  Initial State Court Proceedings

In May, 2018, Hyland was tried for: (1) rape of a child with force, in violation of M.G.L, c. 265, § 22A; (2) intimidation of a witness, in violation of M.G.L, c. 268, § 13B; and (3) open and gross lewdness, in violation of M.G.L, c. 272, § 16.  At trial, the Commonwealth presented evidence that Hyland pulled down the five-year-old victim's pants and inserted his

tongue into her genitals.  He then pulled down his own pants and exposed himself to the victim, asking her if she wanted to touch his genitals.  The victim declined and walked away from Hyland, who told her not to tell anyone about what he had done.

The victim and her father both testified that the incident occurred after Hyland visited the family while he was watching a neighbor's dog.  The victim played with the dog at her family home while Hyland visited with her father and then accompanied Hyland when he left to return the dog.  The victim testified that the offense took place at the house to which Hyland returned the dog.  Hyland was convicted by the jury on all three counts.

**B. Appeal to the Massachusetts Appeals Court**

Hyland appealed his conviction on multiple grounds.  He first contended that the Commonwealth presented insufficient evidence to support a conviction on the charge of open and gross lewdness.  The Massachusetts Appeals Court ("MAC") vacated the judgment on that charge because there was insufficient evidence demonstrating that the victim was alarmed or shocked by defendant's conduct as required by the statute. See Commonwealth v. Hyland, 150 N.E.3d 1165, 2020 WL 4433873, at *1 (Mass. App. Ct. 2020).  The appeals court directed that a new judgment be entered on the lesser included offense of indecent exposure.

Hyland also asserted that he was entitled to a new trial because comments by the prosecutor during his closing argument disparaged the defense, injected his personal opinion regarding the evidence into the case and misstated the evidence.  Three of the four statements that petitioner challenged on appeal had not, however, been objected to at trial.

In the fourth statement, to which defense counsel had contemporaneously objected, the prosecutor said to the jury:

> What happened to the dog?  I don't know.  Did he bring
> it inside? Did he tie it to a tree?  We don't know.
> And, to be clear, you didn't hear any evidence.

Hyland's attorney objected on the grounds that the victim had testified on cross-examination that she saw Hyland take the dog into the house.  The judge responded to the objection by acknowledging that the evidence was "a mixed bag" and instructed the prosecutor to "stick to the evidence."  Furthermore, the jury instructions emphasized to the jury that they were the "sole and exclusive judges of the facts" and reminded them that statements by attorneys during closing arguments did not constitute evidence.

### C.  Decision by the Massachusetts Appeals Court

Because three of the four statements challenged by Hyland had not been subject to a contemporaneous objection at trial, they were not preserved for review.  The MAC therefore reviewed those comments only for whether they created a substantial risk

-3-

of a miscarriage of justice.  The appeals court found that none posed such a risk. <u>See</u> <u>Hyland</u>, 2020 WL 4433873, at *2.

The fourth statement had been contemporaneously objected to and was therefore preserved for appellate review.  The MAC reviewed the statement for prejudicial error but nevertheless found that it was not prejudicial and had not improperly shifted the burden of proof to the defense. <u>See</u> <u>id.</u>  The Supreme Judicial Court of Massachusetts ("SJC") declined to take up further appellate review of the case in November, 2020.

### D.  Federal Court Proceedings

In March, 2021, Hyland filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254.  Hyland challenges his state court convictions of rape of a child with force and intimidation of a witness.  He contends that the MAC erred in deciding that the prosecutor's comments during closing argument did not cause prejudicial error.  For the following reasons, the petition for habeas corpus will be denied.

## II.  <u>Legal Analysis</u>

### A.  Habeas Standard

A federal court conducting habeas review is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle</u> v. <u>McGuire</u>, 502 U.S. 62, 68 (1991).  State court factual findings are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1).  The

-4-

resolution of state law issues by state courts is binding upon federal courts. Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

To secure federal habeas relief in the wake of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must demonstrate that the "last reasoned state court decision" in the case:

> resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Janosky v. St. Amand, 594 F.3d 39, 47 (1st Cir. 2010) ("Because the SJC summarily denied further appellate review, we look to the last reasoned state-court decision — in this case, the MAC's rescript."). Here, the last reasoned decision of a state court is the decision of the MAC vacating, in part, and affirming, in part, Hyland's convictions.

The United States Supreme Court has stated that the "contrary to" and "unreasonable application" clauses of § 2254 have "independent meaning" which provide two different avenues for a petitioner to obtain relief. See Williams v. Taylor, 529 U.S. 362, 405 (2000) (O'Connor, J., concurring). A state court's adjudication is "contrary to" clearly established Supreme Court precedent if it either "applies a rule that contradicts the governing law set forth" by the Supreme Court or

considers facts that are "materially indistinguishable" from a
Supreme Court decision and arrives at a different conclusion.
<u>Id.</u> at 405-06.

On the other hand, a state court's decision is an
"unreasonable application" of clearly established Supreme Court
precedent if it "identifies the correct governing legal
principle" from the Supreme Court but "unreasonably applies that
principle to the facts of the prisoner's case." <u>Id.</u> at 413.  A
federal court may not grant relief to a petitioner merely
because it concludes in its independent judgment that the state
court applied clearly established federal law erroneously or
incorrectly. <u>Id.</u> at 411.  The federal court must find that the
state court's application of federal law was unreasonable. <u>Id.</u>

### B. Procedurally Defaulted Claims

Petitioner challenges four allegedly improper prosecutorial
comments in his petition: 1) disparaging remarks on the
defense's theory regarding the neighbor's dog; 2) an assertion
of the prosecutor's personal opinion; 3) an analogy between the
memory of a witness and the memories of the members of the jury;
and 4) a misstatement of the evidence and attempt to shift the
burden of proof.  As previously discussed, defense counsel only
objected to the fourth comment at trial.

Federal courts are typically precluded from conducting
habeas review of a claim if a state court has decided it on

-6-

"independent and adequate state grounds." <u>Coleman</u> v. <u>Thompson</u>, 501 U.S. 722, 729 (1991). A procedural state court ruling is decided on an adequate procedural ground when the state rule is "firmly established and regularly followed". <u>Beard</u> v. <u>Kindler</u>, 558 U.S. 53, 54 (2009) (quoting <u>Lee</u> v. <u>Kemna</u>, 534 U.S. 362, 376 (2002)). A federal court may conduct habeas review of a procedurally defaulted claim only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." <u>Coleman</u>, 501 U.S. at 750.

Under Massachusetts state law, where a defendant fails to raise a contemporaneous objection, "thus depriving the judge of the opportunity" to remedy the error, the defendant procedurally waives the objection and any resulting claim. <u>Commonwealth</u> v. <u>Robinson</u>, 480 Mass. 146, 147 (2018). The First Circuit Court of Appeals ("the First Circuit") has repeatedly held that the Massachusetts state law requirement for contemporaneous objections is "an independent and adequate state procedural ground, firmly established in the state's jurisprudence". <u>Janosky</u>, 594 F.3d at 44.

Although the MAC reviewed the procedurally defaulted claims in the case at hand for risk of a substantial miscarriage of justice, such a limited review does not constitute a waiver of the Commonwealth's contemporaneous objection requirement. <u>See</u>

Horton v. Allen, 370 F.3d 75, 81 (1st Cir. 2004).  This Court is therefore barred from reviewing petitioner's procedurally defaulted claims with respect to the first three comments unless he can satisfy the exception carved out in Coleman by establishing cause for his procedural default and actual prejudice as a result.

Petitioner has not, however, provided this Court with any reason for defense counsel's failure to object nor any demonstration of actual prejudice.  Indeed, nothing in the record indicates an external reason for the lack of objections with respect to the comments he now challenges.  Defense counsel objected on various grounds throughout trial, including at other times during the prosecutor's closing argument.  Thus, this Court cannot conduct habeas review of petitioner's procedurally defaulted claims.

### C.  Petitioner's Remaining Claim

In light of the foregoing, this Court reviews only the prosecutor's comment to which defense counsel objected at trial. Petitioner contends that such comment was a misstatement of the evidence and an impermissible suggestion that he bore the burden to present evidence in his defense.  He further contends that the MAC's conclusion to the contrary was unreasonable under current Supreme Court law.

In <u>United States</u> v. <u>Young</u>, 470 U.S. 1 (1985), the Supreme
Court held that "a criminal conviction is not to be lightly
overturned on the basis of a prosecutor's comments standing
alone". <u>Id</u>. at 11.  Instead, the remarks must be examined within
the context of the trial to determine whether they amounted to
prejudicial error that deprived the petitioner of a fair trial.
In order to prevail on his assertion of prejudicial error, the
petitioner must demonstrate that the prosecutor's comments went
beyond being merely "undesirable or even universally condemned"
but rather "so infected the trial with unfairness as to make the
resulting conviction a denial of due process." <u>Darden</u> v.
<u>Wainwright</u>, 477 U.S. 168, 181 (1986) (quoting <u>Donnelly</u> v.
<u>DeChristoforo</u>, 416 U.S. 637, 643 (1974)).

In reaching its conclusion, a court should consider factors
such as: 1) "the nature and seriousness of the comments", 2)
"whether the comments were invited by defense arguments", 3)
"whether the jury was adequately instructed" and 4) "the weight
of the evidence". <u>Hardy</u> v. <u>Maloney</u>, 909 F.3d 494, 501 (1st Cir.
2018) (citing <u>Darden</u>, 477 U.S. at 181-82); <u>United States</u> v.
<u>Rodriguez-Velez</u>, 597 F.3d 32, 45 (1st Cir. 2010) (applying a
similar test for inappropriate prosecutorial comments about a
defendant's failure to testify).  A court should not infer that
the jury will draw the most damaging meaning from an isolated
remark after sitting through a lengthy trial and jury

-9-

instructions. <u>See</u> <u>Donnelly</u>, 416 U.S. at 645-47 (holding that a single remark during an extended trial was insufficient to render the trial fundamentally unfair).

With respect to the comment objected to and challenged by Hyland, the prosecutor asserted that the jury had heard no evidence as to where the dog went after Hyland and the victim arrived at the house where the offense took place.  Although the prosecutor was incorrect that there had been no evidence on that subject, the misstatement was not, in context, nearly so prejudicial as to "infect[] the trial with unfairness" and render the conviction a denial of due process. <u>Darden</u> 477 U.S. at 181.

As the trial judge noted at the time, the testimony presented to the jury had been contradictory.  At one point, the victim testified she did not see where the dog went but later, on cross-examination, she said she saw the dog go into the house.  The prosecutor drew the attention of the jury to the former statement in his misstatement that there had been "no evidence" as to where the dog went but defense counsel drew the attention of the jury to the latter statement in his own closing argument.  Thus, the jury was reminded of both portions of the conflicting evidence during closing arguments.

In any event, it remained the duty of the jury to consider any contradictions in the victim's testimony and to determine

-10-

her credibility as a witness.  United States v. Lipscomb, 539
F.3d 32, 40 (1st Cir. 2008).  Following closing arguments, the
jury received adequate instruction from the judge as to that
duty.  The judge also instructed the jury that the attorney's
closings were not evidence and that it was entirely up to the
members of the jury to evaluate the evidence and reach a
verdict.

With respect to Hyland's assertion that the prosecutor's
statement impermissibly shifted the burden of presenting
evidence to the defense, this Court again finds that there was
no prejudicial effect.  The subject comment challenged the
defense theory with rhetorical questions but did not shift the
burden of presenting evidence to the defense.  Further, the
judge reiterated through jury instructions that the burden of
proof lies solely with the Commonwealth and never shifts to the
defendant.  Those jury instructions adequately prepared the jury
to reach a verdict based on the weight of the evidence presented
rather than on comments made by the attorneys at closing
argument.

Petitioner has not demonstrated that the decision of the
MAC with respect to the prosecutor's misstatement of evidence
contravened clearly established federal law and thus his habeas
petition with respect to that claim will be denied.

**ORDER**

For the foregoing reasons, Hyland's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Docket No. 1) IS **DENIED**.

**So ordered.**


/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  December 15, 2022